Staples, J.
delivered the opinion of the court.
An action of- assumpsit was brought in the Circuit court of Rockingham county, by Mrs. Coffman, against Henry Forrer and Charles T. Clippinger, late partners, trading under the firm and style of Forrer & Clippinger. During the pendency of the action it was agreed between plaintiff and defendant Forrer, to submit the matters in controversy to arbitration, and the award pursuant thereto to be entered up as judgment of the court. *876 The submission required the arbitrators to make their award under their hands and seals, ready to be delivered on or before the 17th of February 1872. The time was subsequently enlarged to the 25th of May following.
The award was made and completed on the 24th of May, and delivered by one of the arbitrators, in the absence of the others, to the counsel for the plaintiff. The counsel discovering that the award was not “under the seals” of the arbitrators, as required by the submission, returned it to them on the morning of the 25th, with a request they would supply the omission; which was accordingly done by the arbitrators, all of them being piresent; and thereupon, on the same day, the award was again delivered to the counsel.
It is insisted that the arbitrators were functus officio, and they were not authorized to change or interfere with the award after it was first delivered to counsel. The objection is of the most technical character. The additions made by the arbitrators were mere matters of form. They did not affect the merits or the substance of the award, or involve the exercise of any new and distinct act of judgment on the part of the arbitrators. It is impossible that either party could be prejudiced by the act. The omission was no doubt accidental, or the result of misapprehension; and the arbitrators had the right, as it was their duty, to supply any mere formal defect of the kind, certainly before the time fixed for the ■delivery of the award.
In Irvine v. Elnon, 8. East’s R. 52, Lord Ellenborough said, that the arbitrator’s authority having been once completely exercised, pursuant to the terms of submission, was at an end, and could not be revived even for the purpose of correcting a mistaken calculation of figures. But that view was placed upon the distinct ground, that such mistakes might involve the essential *877 merits of the case. And the dstinction is well taken between acts which may change and correct the juclgment of the arbitrator, and acts which involve matters of form; such as the simple insertion of date and the like. As to the latter, there is no valid reason why the arbitrator may not perform them even after a delivery of the award, more especially when the time has not expired, which terminates the arbitrator’s authority. The tendency of the modern decisions is to disregard, as far as possible, mere matters of form, and to give force, conclusiveness and effect to awards where no corruption or misconduct on the part of the arbitrators is charged, and no fraud ordeceit imputed to the parties.
The second objection is, that Clippinger is not noticed in the award, although he is a party to the action, and one of the lessees of the property involved in the decision of the arbitrators. The answer is,, that Clippinger was in no way concerned in the submission, and cannot, therefore, be bound by the award. The defendant Forrer agreed to surrender the lease, to assume any liability which might attach to the firm, and to pay the plaintiff for the rent of the property such sum as should be ascertained by the arbitrators. The award may not b.e binding upon Clippinger, who was no party to the submission; but it is none the less valid as to Forrer, who did assent to it. As to him, the award is within the terms of the submission.
The third ground of error is the alleged failure of the arbitrators to dispose of the action of assumpsit, and of the several matters of controversy included in it. The submission provides that the award shall be entered up as the judgment of the court. When so entered, it necessarily terminated the action and all matters of con *878 troversy fairly connected with. it. The award was in fact the judgment of the court, and as such, ended the suit.
It is also insisted, that the arbitrators had no right to allow interest on the payments. The leased tenement had been destroyéd by fire long before the period fixed for the termination of the lease. And the parties desired to ascertain the extent of the lessees liability for the rent due and to become due; and whatever it might be, the defendant agreed to pay immediately. The arbitrators accordingly ascertained the present value of the lease, and the amount to be paid the plaintiff in satisfaction of her claim; and the sums thus ascertained bear interest. It is clearly competent for the arbitrators to award the payment of interest upon the principal adjudged to be due. Even if they had made a mistake, it is not such a mistake on the face of the • award as the court can correct.
The only femaining objection to be considered relates to the jurisdiction of the County court to enter judgment on the award at the July term 1872. It is insisted that this was a monthly term, and the court was not authorized at such term to take any actionuponthe award. It is unnecessary to consider whether the laws prescribing the jurisdiction of the County courts prohibits these courts at monthly terms, from entering up awards as the judgment of the court. By the act of July 11th, 1870, the judges of the County courts are empowered to designate four or more terms for the trial of civil cases, in which juries are required. Whether the July term of the County court of Bockingham was one of the courts thus designated, the record does not inform us. In the absence of all proof on the subject, we must presume that the court in this case did not assume an unwar - ranted jurisdiction.
*879 For these reasons I am of opinion to affirm the judgment.
Judgment affirmed.